*Local Rule 81*

*Local Rules of Civil Procedure of the Western District of New York*

**Index of Documents Filed or Served in the
New York State Court Action**

| Tab | Document | Date Filed or Served |
|---|---|---|
| A | Summons & Complaint | April 16, 2018 (filed)<br>June 15, 2018 (served) |

# Exhibit A

# Exhibit A

STATE OF NEW YORK       SUPREME COURT
COUNTY OF MONROE

---

JOSEPH J. ARIENO,

                              PLAINTIFF,

- vs -                     SUMMONS
                              Index No.: E2018000952

The Plaintiff Designates Monroe
County as the place for trial.

Venue: Based upon residence of the parties.

THE COUNTY OF MONROE and
THE MONROE COUNTY SHERIFF'S DEPARTMENT,

                              DEFENDANT'S.

---

To the above named Defendant's:

**YOU ARE HEREBY SUMMONED** to serve a notice of appearance, on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear, judgment may be taken against you by default for the relief demanded in the notice set forth below.

Dated: February 16, 2018

_____
JAMES P. VACCA, SR., ESQ.
Attorney for the Plaintiff, Joseph J. Arieno
Office and Post Office Address:
One East Main Street
Suite 805
Rochester, New York 14614
Telephone: (585) 423-0110

Facsimile: (585) 423-0111
E-Mail: jamespvacca@frontiernet.net

Plaintiff's Address:
**JOSEPH J. ARIENO**
74 Chestnut Ridge Road
Rochester, New York 14624

Defendants' Address:
**THE COUNTY OF MONROE**
**THE MONROE COUNTY SHERIFF'S DEPARTMENT**

**STATE OF NEW YORK**      **SUPREME COURT**
**COUNTY OF MONROE**

---

**JOSEPH J. ARIENO,**

                             **PLAINTIFF,**

- vs -                 **COMPLAINT**
                           **Index No.:** E2018000957

**THE COUNTY OF MONROE and**
**THE MONROE COUNTY SHERIFF'S DEPARTMENT,**

                             **DEFENDANT'S.**

---

**STATE OF NEW YORK)**
**COUNTY OF MONROE) SS:**

     The Plaintiff, Joseph J. Arieno, by and through his attorney, James P. Vacca, Esq., complains and alleges and states as follows:

     1.    This is a civil rights and false arrest action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution, and common law.

     2.    The claims arise from a November 22, 2016 incident in which the Plaintiff, Joseph J. Arieno, was arrested in the Town of Brighton, County of Monroe, and State of New York, for Driving While Intoxicated, Driving While Ability is Impaired by Drugs, and several traffic infractions, by members of the Monroe County Sheriff's Department.

3. The Plaintiff is a resident of the County of Monroe, State of New York.

4. The Defendant's are Municipal Corporations doing business in the County of Monroe, State of New York.

5. Within 90 days of the incident, Plaintiff filed and served a written Notice of Claim with the County of Monroe and the Monroe County Sheriff's Department. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

6. That on or about November 22, 2016, in the Town of Brighton, County of Monroe, and State of New York, on Route 490 East at Exit 22, in the Town of Brighton, the Plaintiff, Joseph J. Arieno, was operating a motor vehicle, and was stopped by Members of the Monroe County Sheriff's Department, and eventually charged with Driving While Intoxicated in Violation of Section 1192(3) of the New York State Vehicle and Traffic Law; Driving While Ability is Impaired by Drugs, in violation of Section 1192(4) of the New York State Vehicle and Traffic Law, and several traffic violations, in violation of the New York State Vehicle and Traffic Law, despite having a Blood Alcohol Level of 0.00%, and exhibiting no signs of intoxication, ingestion of alcohol or illegal drugs or substances, and not exhibiting any signed of intoxication.

7. The Plaintiff, Joseph J. Arieno, was eventually charged with these crimes, taken into custody by the Defendant's, and deprived of his freedom, and illegally charged with crimes that he exhibited no signs of violating. That as a result, the Plaintiff, Joseph J. Arieno, was deprived of his freedom,

suffered pain and suffering by having handcuffs placed too tight on his wrists, and suffered unlawful arrest, unlawful imprisonment, and damages on account of the conscious pain and suffering, legal expenses, and damages received by Joseph J. Arieno, and in support thereof, and, as a result, suffered personal injuries, wrongful death, conscious pain and suffering, and medical expenses.

8. That this arrest was litigated in the Brighton Town Court before the Honorable Karen Morris, and was prosecuted by members of the Monroe County District Attorney's Office. Toxicology reports were performed on urine taken from Mr. Arieno, and the results came back negative for all illegal substances. That Mr. Arieno's blood alcohol content on the evening of November 22, 2016, was 0.00 when tested by members of the Monroe County Sheriff's Department.

9. That the criminal matter was scheduled to go to trial, and the Monroe County District Attorney's Office did not prosecute or try the DWI and DWAI by Drugs charges pending against Mr. Arieno, due to lack of evidence. On December 11, 2017, in the Town of Brighton Justice Court, the DWI and DWAI by Drugs charges, both misdemeanors, were withdrawn and dismissed by the Monroe County District Attorney's Office, and Mr. Arieno plead guilty to two (2) traffic infractions of the New York State Vehicle and Traffic Law, and fined $23.00 and $93.00 as a surcharge on each ticket, for a total due of $236.00.

10. The aforesaid unlawful arrest, unlawful imprisonment, unlawful and unwarranted prosecution, and damages generally sustained by Plaintiff, Joseph J. Arieno, and personal injuries, conscious pain and suffering, other

expenses, and all injuries and resulting damages hereinafter alleged, were caused wholly and solely through the negligence and carelessness of the Defendant's, their agents, servants or employees of The County of Monroe and the Monroe County Sheriff's Department, and that its agents and employees, acted improperly and negligently stopping Plaintiff Joseph J. Arieno's vehicle, and illegally and unlawfully arresting him for the crimes as noted above.

11. The Plaintiff, Joseph J. Arieno, solely by reason of the negligence and misconduct of the Defendants, sustained injuries, conscious pain and suffering, and damages, as noted above.

12. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color pf the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the County of Monroe.

14. At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

## FIRST CAUSE OF ACTION

15. That above paragraphs are incorporated herein by reference.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries to his wrists, hands, neck back, and damages, including violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person; Violation of his right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution; Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure; Violation of their New York State Constitutional rights under Article 1, Section 6 to due process; Physical pain and suffering; Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; Loss of liberty.

17. Defendant's have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive his of such rights and are liable to plaintiff under 42 USC § 1983.

18. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

19. That the Defendant's falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

20. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION

21. The above paragraphs are here incorporated by reference.

22. The Defendant's are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

## THIRD CAUSE OF ACTION

23. The above paragraphs are here incorporated by reference.

24. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

25. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## FIFTH CAUSE OF ACTION

26. The above paragraphs are here incorporated by reference.

27. The Defendant's owed a duty of care to plaintiff to prevent the loss

of liberty and mental abuse sustained by plaintiff.

28. The Defendant's owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

29. Because of the Defendant's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

### SIXTH CAUSE OF ACTION

30. The above paragraphs are here incorporated by reference.

31. Defendants' intentional tortious acts were undertaken within the scope of their employment by the Defendant's and in furtherance of the Defendant's interest.

32. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant's, Plaintiff was damaged.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

      D.    Granting such other and further relief as this Court deems just and proper.

Yours & etc,

_____
**JAMES P. VACCA, ESQ.**
Attorney for the Defendant:
Joseph J. Arieno
Office Address:
One East Main Street
Suite 805
Rochester, New York 14614
Office Phone: (585) 423-0110
Office Fax: (585) 423-0111
E-Mail: jamespvacca@frontiernet.net